No. 18.—FARISH CARTER and another, executors of GEORGE W. MURRAY, deceased, plaintiffs in error, *vs.* DANIEL McDOUGALD, and MANSFIELD TORRANCE, administrator *de bonis non* of JAMES C. WATSON, defendants in error.

[1.] Where a bill in Equity is amended by the complainant at the first term, and served within two months thereafter, defendant cannot excuse himself from complying with the usual rule, on the ground of this amendment; more especially as to the original bill.    Whether or not a sufficient

time has elapsed from the service of the amendment, to require an answer to that at the succeeding term, is a question for the sound discretion of the Court, where the order allowing the amendment does not specify the time within which it shall be answered.

[2.] Where formal parties to a bill residing without the jurisdiction of the Court, against whom no decree is prayed, have not been served personally, or by publication, the cause may still proceed against the real parties who are served.

In Equity, in Muscogee Superior Court. Before Judge Alexander, May Term, 1849.

James C. Watson died testate in possession of a large estate, and John H. Watson and Benjamin W. Walker qualified as his executors. Subsequently these executors were removed for misconduct by the proper Court, and Mansfield Torrance appointed administrator *de bonis non.*

Farish Carter and Michael H. Kenan, executors of George W. Murray, deceased, a large judgment creditor of James C. Watson, deceased, filed their bill against Mansfield Torrance, administrator *de bonis non,* John H. Watson and Benjamin W. Walker, the removed executors, who were alleged to reside without the jurisdiction of the Court, and Daniel McDougald, charging that, shortly after the qualification of the executors, by a fraudulent collusion between them and Daniel McDougald, the whole estate of James C. Watson was assigned over and transferred to Daniel McDougald, for the purpose of defrauding the creditors of Watson; that the executors, in pursuance of this fraudulent combination, made no inventory or returns; and being insolvent at the time, were unable to respond to the creditors. The bill prayed that McDougald might be compelled to pay over the amount due the complainant out of the assets in his hands. The bill prayed a subpœna against John H. Watson and Benjamin W. Walker, but prayed no decree against them. McDougald and Torrance were served thirty days before the return term of the bill; but no return of service on Watson or Walker, either personally or by publication.

At November Term, 1848—the return term of the bill—the Court, on the application of the complainant, allowed an amendment to the bill charging other material facts, " unless cause be shown to the contrary at the next term," a copy of which order

Carter and another *vs.* McDougald and others.

was required to be served on the defendants within thirty days from the adjournment of the Court.

At the same term the Court granted the "usual rule," that the defendants plead, answer or demur—not demurring alone—on or before the first day of the next term.

A copy of the amendment was served on defendants, McDougald and Torrance, on 24th January, 1849.

Torrance filed his answer to the bill and amendment; but McDougald having failed to plead, answer or demur, the counsel for complainant, at the May Term, 1849, moved the Court to take the bill *pro confesso* as to him.

Which motion the Court refused to grant, and complainant excepted.

The counsel for McDougald then moved the Court to rescind the "usual rule" granted at the previous term of the Court, which motion the Court granted, and counsel for complainant excepted.

The counsel for complainant then, on motion, amended his bill by striking out Watson and Walker as parties, and moved the Court to take the bill *pro confesso* as to McDougald.

Which motion the Court refused to grant, and complainant excepted.

W. DOUGHERTY, for plaintiff in error.

BENNING, for defendant.

I. 1st. A cause in Equity is not commenced until all the parties have been served with subpœna, or other process, requiring appearance    1 *Dan'l Ch. Pr.* 554.    *Prince,* 447.

2d. An original bill, by amendment, becomes a *new* bill, to which the defendant may make all defences which he could have made, or did make to the original bill.    1 *Dan'l Ch. Pr.* 508, '9.    550.

3d. There is no law which requires Courts of Equity to grant *such orders nisi* to take bills for confessed, as that granted and revoked by the Court in this case.    *Prince,* 447.    *Rules of Court.*

4th. On all these accounts the order *nisi* might well be revoked, and the motion to make it absolute, of course, refused.

II. The bill having, for the second time, been amended at June

Term, 1849, a motion to take it for confessed at the same term, was not even in order.   1 *Dan'l Ch. Pr.* 550, 519.

*By the Court*—LUMPKIN, J. delivering the opinion.

A bill was filed by the executors of George Murray, deceased, as creditors of James C. Watson, deceased, for the purpose of subjecting to the payment of their debt certain property in the hands of Daniel McDougald.   It charges the death of Watson; the appointment and qualification of John H. Watson and Benjamin W. Walker as executors; collusion between the executors and McDougald, by which McDougald fraudulently possessed himself of a large amount of the assets, leaving the debts unpaid; that the said executors were removed by order of the Court of Ordinary, and Mansfield Torrance appointed administrator *de bonis non*, with the will annexed, in their place.   It also charges the insolvency of the executors, and that they both reside out of the State.   It prays that the executors may answer, and that process may be had against them; and that McDougald be decreed to account for the property which he has got into his hands.   The bill was made returnable to the November Term, 1848, of the Superior Court of Muscogee County, and Torrance and McDougald were regularly served.   At that term the usual rule was taken against the parties served.   Likewise leave was obtained to amend the bill.   The amendment was made and served the January ensuing.   At May Term, 1849, Torrance having answered the bill, and McDougald failing to plead, answer or demur, complainant's solicitor moved the Court to take the bill as confessed against him; but this the Court refused to grant, and on application, rescinded the order at the preceding term, requiring an answer at this, as having been prematurely and improvidently allowed: 1st. Because a substantial amendment had been made to the bill intermediate the November Term, 1848, and the May Term, 1849; and secondly, because John H. Watson and Benjamin W. Walker, against whom process had been prayed, had not been served. ·

Other points were raised in the record.   We shall confine our discussion to the judgment of the Court upon these two grounds.

[1.] Was the amendment made to the bill after the appearance term, a sufficient reason for not complying with the order to

Carter and another *vs.* McDougald and others.

answer at that term ? We think not. Nor could it be good cause for annulling that order, as having been unwittingly granted. If the order was proper at the time, how could the subsequent act of the complainants, in amending the bill, relate back and make it otherwise ?. When permission was given to amend the bill, the time for serving the amendment was specified ; and the time for pleading, answering or demurring to the amendment when made, should have been also. But this was not done. The only inquiry, then is, did a reasonable time elapse for that purpose ? It was four months. We forbear, however, to express any opinion as to this matter. Had the question been made as to further time respecting the amendment, the Court might have given any direction it pleased to it, and we should not have undertaken to control its discretion. But ought the original bill to have been answered, as the defendants were ruled to do, six months previously ? And, in default, were the complainants entitled to an interlocutory decree ? We think the Court erred in holding that they were not, and still more, in maintaining that an amendment, made after the November Term, 1848, to which the bill was returnable, was good ground for setting aside the usual rule awarded at that time.

[2.] As to the want of service of the non-resident defendants, we see no serious difficulty upon this subject. Watson and Walker are mere *formal*, and not *necessary* parties. No decree is prayed against them; and the want of service of mere formal parties will not prevent the Court from proceeding to a decree upon the merits of the case between the parties actually before the Court, who have the real and substantial interest in the controversy, whenever it can be done without prejudice to the rights of others. And it is a fixed principle with the Courts in this country to dispense, if consistently with the merits of the case, it can possibly be done, with all parties over whom the Court would not possess jurisdiction.

This sometimes cannot be done ; as if a bill were brought by one partner against several other co-partners, one of whom was out of the jurisdiction, praying for an account and dissolution of the partnership. Here the absent partner would be an indispensable party, since he has a distinct and independent interest, which would be affected by the decree. In all such cases service would have to be performed by publication. Nor could the cause

proceed to a hearing until this was done.   And in all such cases the appearance term of the bill would be that after which service was perfected on all the defendants; for among other privileges growing out of their unity of interest, would be the right to concert as to the line of defence to be pursued.   Such, however, is not the case before us.   Here, not only is no decree asked against these absent defendants, but they are mere passive lookers on of the proceeding.   In no event have they any active part to perform in the execution of the decree which may be rendered. Their rights, at most, are incidental merely to those of the parties before the Court.   A complete decree may be obtained without them; therefore they may be dispensed with.

And yet it is no misjoinder to make them defendants.   It is usual, says Judge Story, to add in the bill the name of the person out of the jurisdiction of the Court, so far as may be necessary to connect his case with that of the other parties.   But in such a case the bill should not only allege that the person is out of the jurisdiction, but it should go on to pray process against him, so that he may be made amenable to the process of the Court, should he come within its jurisdiction.   And one reason for this is, that the absent person may have an opportunity of appearing to the suit, and taking such a course in it as he may deem to be for his advantage.   And if in fact he should become so amenable, pending the suit, he ought to be brought before the Court, either by process issuing against him, if process shall have been prayed against him; and if not, by amending the bill for that purpose, if the state of the proceedings will admit of such an amendment; or by a supplemental bill, if the state of the proceedings will not so admit.

Thus it will be perceived that the draftsman of this bill has framed it in strict accordance with the rules in Chancery; and the error of the Court consists in supposing that, because made parties, the cause could not proceed until they were served, whereas there is nothing in the transaction itself, or in their connection with the co-defendants, which required the proceedings to be stayed for this purpose, or which justified McDougald in refusing to make his defence until this was done.

Let the judgment be reversed, and the cause be remanded.