### SIMMONS *vs.* GOODRICH, trustee.

1. That a surety is released from liability because of a change in the contract between the principals whereby the risk of the surety is increased, is a plea which the surety has the privilege of making, or not at his option. It is not a plea of which the principal can take advantage.

(*a.*) If on the default of a principal his sureties were presumptively liable on his bond, and compromised with the payee thereof for a sum less than the amount of the bond, and the principal ratified the compromise, they could hold him liable for the amount of the com-promise, and could transfer to the payee of the bond the security which they held from the prinicpal for their indemnity.

2. Where title was transferred by deed, and a contract not of record entered into between the parties, one who received title under the grantee of the deed was affected by the recitals thereof, but not by the extraneous contract unless actual notice thereof was brought home to him.

3. The act of 1868 conferred authority on the Georgia Railroad to

Simmons *vs.* Goodrich, trustee.

elect an officer to conduct its banking business and to require a bond of him.

(*a.*) Full banking powers were conferred by the act of October 19th, 1870.

(*b.*) The bond in this case provided for changing so as to meet the varying business of the company.

Principal and Surety. Contracts. Title. Railroads. Before Judge SNEAD. Richmond Superior Court. September Term, 1881.

Reported in the decision.

GANAHL & WRIGHT; A. D. PICQUET, for plaintiff in error.

JOS. B. CUMMING, for defendant.

SPEER, Justice.

The defendant in error brought his action of complaint in the statutory form, to recover the possession of an undivided one-half interest in two adjoining lots of land lying in the city of Augusta, on the south side of Green street, below Lincoln street. On the trial of the case, under an equitable plea filed by the defendant, the jury, under the evidence and charge of the court, returned a verdict decreeing a sale of the premises sued for, the payment of a certain amount to indemnify the plaintiff, and the overplus to be paid to defendant.

A motion was made for a new trial, which was refused by the court, and plaintiff in error excepted.

It appears from the record, that the land in controversy had been, on the 11th day of October, 1872, deeded by the plaintiff in error, with the consent of his wife, for the consideration of ten dollars, to Charles A. Platt and Joseph A. Eve, and at the same time the said Platt and Eve delivered to plaintiff in error their bond in the penal sum of three thousand dollars, with the following condi-

tion : " Whereas, the above bound, Charles A. Platt and Joseph A. Eve, signed as sureties the bond of James S. Simmons, given in the month of November, 1868, as teller of the Georgia Railroad and Banking Company ; and, whereas, the said Simmons, on the 11th October, 1872, conveyed to said Charles A. Platt and Joseph A. Eve two houses and lots situated on the south side of Green street, below Lincoln street, in the city of Augusta, and the said lots were conveyed unto the said Charles A. Platt and Joseph A. Eve for the purpose of securing them against whatever losses they may sustain by having signed the bond of James S. Simmons as sureties aforesaid ; if the said Charles A. Platt and Joseph A. Eve do not sustain any losses as aforesaid, they are to reconvey to the said James S. Simmons the said lots of land. Now, if said Platt and the said Eve shall reconvey, or cause to be reconveyed, the said lots to James S. Simmons, this bond to be void else to remain of full force."

Afterwards, it appears that the said Eve and Platt admitted a liability to the Georgia Railroad and Banking Company, as sureties on the bond of the plaintiff in error, as teller of said company, and acknowledging the condition of this bond to have been broken by the default of their principal, Simmons, compromised the claim of the Georgia Railroad Company, against them as sureties, for the sum of five thousand dollars, each of them giving a several note to the company for $2,500.00. On the 9th of August, 1878, Charles A. Platt, in settlement of his liabilities to the company on account of the default of Simmons, as teller (as represented by his note held by the company), conveyed his own undivided half interest in the lots of land to Charles G. Goodrich, in trust for the Georgia Railroad and Banking Company.

On this title, the trustee brought his action to recover the possession of the undivided half of the premises of Jas. S. Simmons.

He pleaded, that he had fully settled with the company

Simmons *vs.* Goodrich, trustee.

to the extent of the default; that there had been a nova-tion in the contract of tellership between himself and the company without the consent of the sureties, which in-creased their risk, and the default having occurred during the period of this novation, the sureties were discharged.

1. It appears from the record that Charles A. Platt, the grantor of the plaintiff below, was one of the sureties on the official bond of the defendant, James S. Simmons, as teller of the Georgia Railroad and Banking Company. That to indemnify him as such surety he conveyed the title to the undivided half of the property in dispute to the plaintiff below by his deed. It is very evident that the plaintiff below, having the legal title, was entitled to recover; but the defendant sought to defeat the legal title by setting up, by an equitable plea in his own be-half, the pleas of his sureties, and to do this he filed the pleas heretofore referred to.

Under the contract between Simmons and his sureties, he conveyed title to them to indemnify them against loss or damage on account of their suretyship. The measure of their principal's liability is ordinarily the liability of the securities. Any act that discharged him would dis-charge them, and if he was liable they would be presump-tively so. For them to plead a release or discharge from liability for some cause not affecting the liability of the principal, was their privilege not his—it could avail them and not him—it was a defence they might offer, but would not enure to his benefit; or they might refuse and decline to make it. When they became his bondsmen, it was to make good his default, and if he contracted to indemnify them against his default, then so long as the default was unsatisfied, so long was his indemnity valid and binding. We think there was no error in the court disallowing and striking the plea of the defendant below in which he pleaded, that the sureties were discharged be-cause there was a novation of the contract without the

Simmons *vs.* Goodrich, trustee.

consent of the sureties, by reason of which their liability and risk were increased, and that by the enlargement of the powers of said corporation the risk of the securities were increased.

These defences, if good at all, could avail the securities alone. They could make them or not, but they were not defences the principal could offer in a contest practically between himself and them.

The pleas that the plaintiff in error could offer to this suit were such as showed, first, he was not in default; second, that if in default, such default had been satisfied and discharged, and that thus the sureties had been saved harmless; or third, that if in default, he had offered to redeem the property by discharging the liability incurred and continued so to do. The great and controlling question in this controversy is, did the defendant, Simmons, owe the Georgia Railroad and Banking Company by reason of his default as teller, and for whose fidelity to his official trust these securities became liable. By his equitable plea he opened this question of his indebtedness to the bank, the evidence was submitted, and the verdict on this issue was against the defendant below. Whatever may have been the version of defendant as to his note endorsed by Cohen and the stock of goods, with the mortgage, turned over, being received as an accord and satisfaction at the time, yet the evidence further shows that neither the bank nor the securities so regarded it, for the securities gave, and the bank subsequent to this accepted, the notes of the securities to the amount of $5,000.00, to be discharged from any further liability as sureties of said defendant on his bond as teller of the bank, and this action of the bank and the securities after this was fully ratified and confirmed by Simmons, the principal, by his paying for a year or more the interest on the notes the securities had given to the bank. How can it be said this default of Simmons was settled by the bank, when the evidence shows the bank received of Simmons and Cohen,

Simmons *vs.* Goodrich, trustee.

as the proceeds of the goods, about $6,000.00, when the default amounted to $20,000.00, or more, and when, after all this alleged accord and satisfaction, the securities on this default assume to pay the sum of $5,000.00, and which assumption and recognition of their liability to that extent for said default was recognized, ratified and partially discharged by Simmons, the principal, and against whom the default was alleged?

We think the law of the case under the evidence correctly and succinctly submitted by the court to the jury when he said "that if the sureties, being presumptively on the default of their principal liable to the bank, compromised with the bank for a sum less than the bond, and the principal ratified the compromise, then the sureties could hold their principal for the amount of the compromise, and could transfer to the bank the security which they held for their indemnity." The court further said defendant could defeat the legal title by showing that Platt did not in any way become liable as his surety or second by himself paying off such liability and releasing the land.

2. It is insisted the court erred in charging "the plaintiff acquired Platt's title as it appeared on the record unaffected by any contract between Platt and the defendant outside of the record, unless plaintiff had actual knowledge of such contract."

The contract here outside of the record was an agreement Simmons alleged he made with Platt when he executed him the deed to indemnify him, "that he (Platt) was to litigate or contest his liability as surety to the end of the law." We see no error in the court saying "that such a contract being outside of the record, unless actual notice thereof was brought home to the bank, it did not affect it." Plaintiff below was bound by all the recitals in the deed and record under which he claimed title—nor did he seek to assert any title inconsistent therewith—but to nothing outside, of which he had not notice.

3. There was no error in striking the three pleas relating to the banking powers of the Georgia Railroad and Banking Company. We think the act of October, 1868, conferred upon the corporation such powers as to the conducting of a banking business as authorized them to elect officers to carry on such business and to require of them bond and security for the faithful discharge of such a trust. We see no valid objection to the constitutionality of this act. Moreover that full banking powers were conferred on the company by the act of October 19th, 1870, is not questioned, and the bond given by these parties provides for its own enlargement to meet any varying business of the corporation by the following language : "Shall conform to and abide by such rules, regulations, orders and by-laws as are now of force, or may from time to time hereafter be made, passed or established for the government of said institution or its affairs."

Judgment affirmed.