### 3890. HARRELL *et al.* v. WILLIAMS.

1. It is not an abuse of discretion to overrule a motion to open a judgment rendered by default, when the movant does not attempt to assign a reason why a defense was not filed at the proper time.
2. Under the provisions of section 1 of the act amending the act creating the city court of Douglas, approved August 14, 1908 (Acts of 1908, p. 135), the presiding judge of that court did not err in entering judgment in favor of the plaintiff, against the defendant and his sureties, upon a demand which, as pleaded, was a liquidated demand.
3. The court had jurisdiction of the subject-matter of the suit, and, by proper legal service, obtained jurisdiction over the persons of the defendants; and the judgment was not void for the reason stated in the case of *Jordan* v. *Callaway*, 138 *Ga.* 209 (75 S. E. 101). Under the amendatory act as to the city court of Douglas, above referred to, the judge of that court is authorized to enter judgment at the appearance term, even upon an account, if no defense is interposed.

DECIDED SEPTEMBER 27, 1912.

Motion to open default; from city court of Douglas. October 30, 1911.

Williams brought suit in the city court of Douglas, returnable to the May term, 1911, of that court; and at the appearance term, there being no defense filed, the court, on motion, granted a judgment by default, for the principal, interest, and attorney's fees ·sued for. After the judgment had been granted and during the same term of the court, the defendants paid the costs and filed a written motion to vacate the judgment, treating the case as being in default, and asking that the default be opened, and that they be permitted to file the defense attached to the motion. The motion complied with the requirement that it should allege a meritorious defense and announce ready for trial. The motion was not heard until October 30, 1911, when it was overruled and denied.

The motion to open the default rested upon the grounds, (1) that three of the defendants had not been served personally, but, as appeared from the officer's return, were served by leaving copies ·of the petition at their most notorious place of abode; (2) that it appears from the petition and the exhibits that the plaintiff's cause ·of action is not such a liquidated demand as would authorize the plaintiffs to take a judgment against the defendants by default at the first term of the court, because the plaintiffs undertook arbitrarily to fix the amount of the account, without any agreement with the defendant; and (3) that under the act of the General Assembly creating the city court of Douglas, judgments by default ·can only be rendered at the first term of that court upon liquidated demands, unconditional contracts in writing, and accounts properly pleaded, and it affirmatively appears, from the plaintiff's petition, that his demand is neither an unconditional contract in writing, nor a liquidated demand, nor such an account as is contemplated by the act above recited; for the reason that it affirmatively appears from the petition and the exhibits that the sum sued for was fixed without the knowledge or consent of the defendant, and without first having been agreed upon or liquidated.

The petition sets out a breach of a bond of W. L. Harrell as principal and other defendants as sureties. The bond was executed in accordance with the terms of a contract (set out in the petition) which was formally entered into by the defendant Harrell and the plaintiff. In the bond the principal and the sureties, jointly and severally, agreed to pay Williams all moneys that had been advanced by him to Harrell under the terms of the contract and

bond, and also to pay Williams for nursery stock sold by him to Harrell according to the terms of the bond and contract. The petition alleges that the sums of money advanced are evidenced by promissory notes, copies of which are attached. Items of the amounts due for nursery stock are shown by exhibits. It is alleged that Harrell refused to pay the moneys advanced to him and refused to pay in full for the nursery stock, and that by such refusal the obligation of the bond was breached.

*Rogers & Heath,* for plaintiffs in error.
*Chastain & Henson,* contra.

RUSSELL, J. (After stating the foregoing facts.)

1. As appears from the record the plaintiffs in error treated the motion to vacate the judgment as a motion to open a default; for they offered to plead instanter, and presented a plea, which they alleged presented a meritorious defense. They perhaps pursued the wrong remedy, but we will deal only with the case made. It would perhaps suffice to say that the judge did not err in denying the motion to open the default, if for no other reason than that the motion presented no sufficient reason why a defense was not filed at the proper time. Granting that the plaintiffs in error had properly conceived the judgment to be such a one as that it might be set aside upon a motion to open the default and an offer to plead, still, in such a case as that, it would not have been an abuse of discretion on the part of the court to have declined to consider such a motion. When a party, without any reason except his own laches, fails to pursue his remedy or invoke a defense, as the case may be, neither law nor equity will relieve him.

2. In view of the fact, however, that it is insisted that some of the defendants were not properly served, it may be contended that the failure to serve these defendants was itself cause for not filing an answer in time, and that the statement that they were not served is itself a declaration of a sufficient reason to have invoked the discretion of the court to open the default. We will therefore consider the ground of the motion which asserts that some of the defendants were not legally served. This contention rests upon the fact (as appears from the entries of service as to these defendants) that in each case service was perfected by leaving a copy at the defendant's most notorious place of abode, and that at that time each of these defendants resided without the limits of the county in

which the suit was filed. If such service were, as contended, ineffectual and nugatory, it might afford a good reason why the judgment of default should have been set aside as to them, not only because the court should have used discretion to give all parties their day in court, but also because, if the defendants had not been served, the judgment as to them would be void, and should have been so treated by the court, under the ruling of the Supreme Court in *Jordan* v. *Calloway,* 138 *Ga.* 209 (75 S. E. 101). But we hold the service good. The decision of the question rests upon the fact that, in our judgment, the defendants were not guarantors for the debt of the principal, W. L. Harrell, but were sureties with him upon a joint and several bond. If they were sureties it is manifest that they could be sued with Harrell in the county of his domicile (Civil Code, §§ 5529, 6541), and the petition and service show him to have been a resident of Coffee county.

3. The plaintiffs in error further insist that the judgment was erroneous because the city court of Douglas, being required to operate under the rules of the superior court, could not, from the very nature of the action, have rendered a lawful judgment at the appearance term. Construing the action to be (as we hold it to be) a suit upon a bond, jointly executed by Harrell and his co-defendants, the plaintiffs in error contend that the damages sought to be recovered are not liquidated, that this fact is apparent from the petition and the exhibits, and that therefore the judgment was void, and should have been set aside. Waiving the point (which to us seems to be one of insuperable difficulty to the plaintiffs in error) that the judge was not required to set aside a judgment upon a mere motion to reopen a default, and treating the motion as proper, we are still unable to agree to the proposition that the petition and exhibits evidenced the total invalidity of the judgment, as contended. Under the first section of the act to amend an act creating the city court of Douglas, approved August 14, 1908 (Acts of 1908, p. 135), the judge of the city court of Douglas was authorized in all suits on unconditional contracts, on liquidated demands, or on accounts, to render judgment where no defense was filed, at the appearance term. In the present case the decision of the question must be controlled by the special act regulating practice in the city court of Douglas. The plaintiff had the right to recover, in the absence of any plea having been filed by the

defendant, whatever amounts were properly pleaded as the constituent elements measuring the defendants' default in performing their obligation. Certainly, with the stipulation in the contract, which provides that the defendants shall be sureties for whatever sums of money are advanced to Harrell, together with the undenied statement that these moneys are evidenced by notes, and the exhibition of the copies of these notes, the demand for the money advanced ·would appear to have been liquidated.

As to the fruit trees sold Harrell, numerous itemized statements of fruit trees furnished him at stated prices were attached to the petition. The petition alleged that these were sold and delivered to him as shown upon the several statements. In the absence of any denial of these accounts, which were properly pleaded, the plaintiff was entitled to a judgment in his favor, under the peculiar verbiage of the act to which we have referred.

We have not overlooked the contention of the plaintiff in error as to the "June buds," to the effect that this item of the account can not be said to be liquidated, because the contract shows the price was to be agreed upon later, and, therefore, the price had not been fixed at the time the contract was made; nor their insistence that several items of the account are for buds or budded stock. We think it can safely be assumed (under the general rule that every presumption is to be taken in favor of the validity of a judgment) that there was an agreement as to the price of the budded stock, and that this item too is shown to have been liquidated, because the contract was made in January and the budded stock was not supplied until ten months thereafter. But if we are wrong in this, the act of 1908 is so extremely broad as to include "an account," and it would seem, where a party is legally served with a petition in an action even upon an unliquidated account, in the city court of Douglas, judgment may be rendered by default, if the defendant does not defend the action, or if, having filed his defense, it is adjudged by the court to be insufficient in law. In section 1 the following language is used: "In all cases when suit is brought for a liquidated demand or an account, and there has been legal service of such declaration and no defense is filed thereto, or if such defense as is filed is stricken, or adjudged to be insufficient in law, either in form or substance, it shall be the duty of

the court at such term to give judgment thereon without the intervention of the jury."

Where an action is brought upon a bond, the proof upon the measure of liability is not required to be different or stronger than it would be required to be if the action were brought upon the collateral matter originally. In other words, the plaintiff in the present case is not required to establish the existence of the several items of liability against the defendant, and the consequent liability of the sureties therefor, with any better proof than if he were proceeding against the principal alone; and it is apparent that, under the act creating the city court of Douglas, he could recover against the principal obligor upon a properly pleaded account, in the absence of any plea setting up a good defense; and he is not required to do any more in the case of the sureties than the law requires him to do in order to fix liability upon the principal obligor.                    *Judgment affirmed.*