## 13836. SMITH v. AULTMAN.

BELL, J. 1. Where one entered into a contract with another to construct for him a building according to terms, plans, and specifications set forth in the contract, and where in pursuance of one of the provisions of the agreement the contractor and another " as security " entered into a bond payable to the person for whom the building was to be erected, binding themselves jointly and severally in a stipulated sum that the contractor should " well and faithfully perform all of the duties and obligations resting upon him under the contract " previously made for the erection of the building, a copy of which was attached as an exhibit to the bond, and where the obligee in the bond thereafter filed a suit against the obligors for damages in the amount of the cost of the completion of the building by the owner, upon an alleged default of the principal in its construction according to his agreement, there was no error by the court in the overruling of a demurrer by the alleged surety, in which it was urged that there was a misjoinder of parties defendant, and that this defendant is " not a surety and can not be sued in this action " with the principal, nor " until the plaintiff has recovered a judgment " against the principal and shall have been unable to collect the same. The demurrant was a surety and was properly sued with the principal. *Harrell* v. *Williams*, 11 *Ga. App.* 552 (2) (75 S. E. 904); *John Church Co.* v. *Ætna Indemnity Co.*, 13 *Ga. App.* 826 (1) (80 S. E. 1093); *McClain* v. *Georgian Co.*, 17 *Ga. App.* 648 (1) (87 S. E. 1090); *American Surety Co.* v. *Stoddard*, 27 *Ga. App.* 452 (1) (108 S. E. 622); *Watters* v. *Hertz*, 135 *Ga.* 814 (70 S. E. 343); *Fields* v. *Willis*, 123 *Ga.* 272 (51 S. E. 280).

(a) The fact that an independent consideration was moving to the person secondarily liable does not conclusively establish that his obligation is that of a guarantor instead of a surety. *Small Co.* v. *Claxton*, 1 *Ga. App.* 83 (2) (57 S. E. 977); *Musgrove* v. *Luther Publishing Co.*, 5 *Ga. App.* 279, 283 (63 S. E. 52); *Maril* v. *Boswell*, 12 *Ga. App.* 41 (1) (76 S. E. 773); *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698 (116 S. E. 903).

2. It was stipulated in the contract for the construction of the building that the plaintiff would pay the contractor weekly " an amount equal to materials *on the ground* [italics ours] and labor for that week," and on the completion of the work should pay any unpaid remainder of the contract price. In the suit upon the bond the plaintiff alleged that the contractor did not faithfully perform the obligations of his contract for the construction of the building, in that he " padded his pay-roll for the week ending January 16, 1920, and January 30, 1920. He took material for which petitioner advanced the money and used it on other jobs. He charged to petitioner's job certain materials which were never delivered to the job." *Held*, that any device or scheme by the contractor through which he exacted and collected from the plaintiff more than the weekly payments actually due would constitute on his part a breach of the contract, and that as against a general demurrer such breach was sufficiently set forth by the averments stated

above. See, in this connection, *John Church Co.* v. *Ætna Indemnity Co.*, supra; *McClain* v. *Georgian Co.*, supra. But in addition, it was elsewhere alleged that the contractor "failed and refused to complete said building."

(a) The plaintiff would have been guilty of a breach in failing to pay the installments as they matured under the contract (see, in this connection, 9 C. J. 833; *Branch* v. *Palmer*, 65 Ga. 210 (3); *DeLoach* v. *Smith*, 83 Ga. 665 (1), 10 S. E. 436; *Savannah Ice Delivery Co.* v. *American Ice Co.*, 110 Ga. 142, 35 S. E. 280; *Paxson* v. *Butterick Pub. Co.*, 136 Ga. 774 (1), 71 S. E. 1105); and similarly it would be a breach by the contractor for him covertly to extract from the plaintiff more than was due from time to time, and thus to accelerate the payments before their maturity, notwithstanding the plaintiff might not have been required to pay ultimately more than the contract price. To "pad" is to "stuff or furnish with padding," and the word as here used would imply a charge of deceit or artifice; whereas it was the duty of the contractor " faithfully " to abide by the terms of his contract.

3. While the plaintiff, in pleading the damages which he sustained in having to finish the construction of the building himself, does not specifically aver that the expenses for material and labor were necessarily incurred (Civil Code of 1910, § 4402), it is averred that he was "forced to expend " the amount " to complete said building as originally planned," and that he " exercised all reasonable efforts to complete said building at the lowest cost . . possible," with other facts from which it is fairly inferable that the expenses were necessarily incurred. The claim was therefore good in substance, and not subject to the general demurrer. *Fontaine* v. *Baxley*, 90 Ga. 416 (3) (17 S. E. 1015).

4. The filing of a special demurrer after the time allowed by law is a good reason why the court should overrule and disallow it. *City Council of Augusta* v. *Lombard*, 101 Ga. 724 (2) (28 S. E. 994); *Ford* v. *Fargason*, 120 Ga. 708 (1) (48 S. E. 180); *Bank of Norwood* v. *Chapman*, 19 Ga. App. 709 (1) (92 S. E. 225). Construing § 5652 of the Civil Code, in connection with § 5630, where a petition is opened to special demurrer by an amendment, the demurrer ordinarily must be filed during the term of the allowance of the amendment; and where the special demurrer is not filed until several terms after the petition is amended, the belated filing is a sufficient reason for overruling the demurrer, and this would be true notwithstanding that the new demurrer, the grounds of which are new and independent, is presented by way of amendment (but never by a formal order allowed) to an original demurrer which was filed within time. *Central of Ga. Ry. Co.* v. *Motz*, 130 Ga. 414 (2) (61 S. E. 1). But if it should be conceded that a special demurrer may be filed after the term at which a petition is reopened to demurrer by amendment, obviously the petition would not remain open indefinitely, but the demurrer should be filed within a reasonable time, to be determined by the trial judge in the exercise of a discretion, which, irrespective of the merits, was not abused in the instant case by the overruling of the special demurrer just referred to. See, in this connection, by analogy with reference to answers to amended petitions: *Carter* v. *McDougald*, 7 Ga. 93 (1); *McDougald* v. *Dougherty*,

14 *Ga.* 674 (3); *Merchants & Planters Bank* v. *Trustees of Masonic Hall*, 65 *Ga.* 603 (3); *General Accident Corp.* v. *Way*, 20 *Ga. App.* 106 (2) (92 S. E. 650).

(a) The recital in the judgment thereon that the demurrer as amended came on " regularly " to be heard does not nullify the entry of the clerk by which it is shown that the new demurrer was not filed at the term of the amendment to the petition, but several terms thereafter. Assuming that a recital in a judgment could have such effect (*Churchill* v. *Corker*, 25 *Ga.* 491), the one here considered does not refer to the time of filing, but to the regularity of the hearing, and in no way conflicts with the entry.

5. Without determining as to the correctness of the request of the surety for instruction upon the question of his right to be discharged on account of alleged acts of the plaintiff, it is enough to observe that no plea of discharge had been filed, and in the absence of such a plea the surety was not entitled to instructions upon the subject. The request, therefore, was properly refused. See, in this connection, *Stewart* v. *Barrow*, 55 *Ga.* 665 (1); *Simmons* v. *Goodrich*, 68 *Ga.* 750 (1).

6. Construing the court's charge as a whole, none of the extracts therefrom complained of in the special assignments contain any error of sufficient gravity to warrant this court in reversing the trial court in refusing a new trial.

7. There was some evidence to support the verdict. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 27, 1923.

Action on contract; from Bibb superior court — Judge Malcolm D. Jones. July 1, 1922.

Application for certiorari was denied by the Supreme Court.

*R. D. Feagin, Strozier & Deaver,* for plaintiffs in error.

*Harris, Harris & Witman,* contra.