Read, J.
We find no error in the ruling of the Supreme Court upon the circuit. In establishing the amount of plaintiffs’ claim, resort was had to the estimates of the engineers, as evidenced by sworn copies. It is made the duty of resident engineers, by the requisition of the Board of Public Works, and is necessary to the correct discharge of their official duties, to keep records of their proceedings. Estimates, mesne and final, those made during the progress of the work and after its completion, should be preserved. That the resident engineers, upon the several sections of the public works, have kept such record, is a fact well known. It is equally well known, that-all the hands, contractors, and persons employed upon any particular work, look to the records of the resident engineer for the requisite estimates, mesne and final, to enable them to ascertain their rights and make settlements. This is the universal practice and understanding. It never was supposed by any body that a person upon a particular section must go to Columbus, to the office of the Board of Public Works, to ascertain facts which could be procured from the office of the resident engineer. The very object of the office of resident engineer is to make estimates and furnish evidence of it; and precisely what the resident office furnishes, constitutes the records of the office of the Board of Public Works. Ingenuity is quite active, oftentimes, in suggesting reasons, why money should not be paid to hands and contractors for labor performed; and much distress is sometimes manifested lest the Court should compel a man to pay his honest debts. But in this case we can discover no violation of principle in the admission of evidence, as' it was nothing more than the admission of sworn copies of a record from a public office. And, beyond the estimates therein made and contained, were those referred to in the contracts, and by the understanding of all parties, as the evidence upon which to base payments and make final settlements, and determine what was due between the parties. There is nothing in the objection that these were copies of copies; they were the copies of the record. There is no doubt the record was made up of facts contained on paper, brought there for *556 that and other purposes. This is the way all records must be made up. The thing to bé recorded must precede its being recorded.
As to the fact, that some of the money due from the State to the original contractors was retained, at the instance of Mc-Cadden, by the public officers and constituted a bar to a recovery, the Court were not called upon to charge respecting that matter. And the presumption is, if it did constitute a bar, that the fact was found in favor of McCadden, as he recovered a verdict and judgment. But I do not perceive any thing in the objection. McCadden could have but one satisfaction, and the fact that he attempted to secure the payment of his debt, can constitute no bar to a judgment on the original demand.
The fact that McCadden may have said, from timo to time, that he did not expect his pay any faster than the defendants received it from the State, amounts to no defence. It cannot be construed into a contract not to sue. If so, it is without consideration, and not binding. There is no error apparent upon the record.

Judgment Affirmed.