### PHILEMON HILL *vs.* HORACE CUTTING.

A. and B., by mutual deeds of release, made partition of land which they owned in common. The deed given by A. contained a clause reserving to the grantor's use all the wood then standing on a certain lot of eight acres of the land which he released to B., with the right to the grantor, his heirs and assigns, to enter at any time and cut the wood and take it away. Each party then took and kept possession of the land released to him. A. afterwards gave C. an unsealed bill of sale of the wood on the eight acres, and C. cut the wood and took it away without B.'s knowledge. *Held,* that C. was not liable to B. for conversion of the wood.

TORT for the conversion of 4000 feet of chestnut lumber valued at $25. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon the following facts :

On April 22, 1865, John Hill, then owning a farm of one hundred acres in Charlton, conveyed it to his two sons, John Hill, Jr., and the plaintiff, and they held it in common and undivided until May 5, 1865, when they divided it between them by mutual deeds of release and quitclaim. The deed from John Hill, Jr., to the plaintiff, after the description of the granted premises, contained this clause : "Said grantor, John Hill, Jr., reserves for his own use all the wood, timber and trees now standing and being on " a certain part, described by metes and bounds, of the land thereby granted, " containing eight acres, more or less, with the right and privilege for the grantor, his heirs and assigns, to enter on said premises at any and all times to cut and take away said wood and timber, with the privilege of crossing over the land of the grantee for that purpose." After the division, each party entered into possession of the part conveyed to him, and has kept

it ever since. John Hill, Jr., did not enter upon the eight acres to cut any wood, but on February 5, 1870, gave a bill of sale, not under seal, of all the wood thereon to the defendant, who, without notice to the plaintiff, and without his consent or knowledge, cut and removed the lumber which is the subject of this suit, and sold the same.

*A. J. Bartholomew,* for the plaintiff.

*G. F. Verry & F. A. Gaskill,* for the defendant.

GRAY, J. The intention of the parties to the deeds of May 5, 1865, that all the wood then standing on the eight acres, which were part of the land in which John released his title to Philemon, should continue to belong to John, is sufficiently evident. The only difficulty in carrying out that intention arises out of the attempt to express it by way of exception or reservation in the deed from John to Philemon, instead of doing so by way of grant in the deed from Philemon to John. A reservation or exception can only be out of the estate granted, and this clause therefore could not operate by way of reservation or exception upon the undivided half of the eight acres which had never been in the grantor, but which was before the division and afterwards remained in the grantee. As to the other undivided half, there would seem to be no good reason why the clause should not be allowed to operate strictly as a reservation or exception. But, however that may be, it had at least the effect of a parol transfer of the wood then standing on the premises, as personal·property, and a license to enter and cut the same, which was good until revoked, which was assignable without deed, and which, after it had been acted upon, and the trees cut down, by the licensee or his assignee, could not be countermanded. *Claflin* v. *Carpenter,* 4 Met. 580. *Nettleton* v. *Sikes,* 8 Met. 34. *Nelson* v. *Nelson,* 6 Gray, 385. *Driscoll* v. *Marshall,* 15 Gray, 62. *Giles* v. *Simonds,* Ib. 441. *Drake* v. *Wells,* 11 Allen, 141.

*Judgment for the defendant.*