## JOHN ELLIS *vs.* CHARLES A. CLARK.

A consideration for a promise moving from the promisee to a third person, but unknown to the promisor, is insufficient to support an action on the promise.

CONTRACT. The declaration alleged that Edwin R. Paul made a promissory note dated May 2, 1870, payable on demand to the plaintiff, or order; "that said note was given to the plaintiff for a lot of standing wood which the plaintiff had bargained to said Paul, but of which he had given him no bill of sale, or agreement in writing; that in July 1870 said Paul had cut said wood and left it on the land of the plaintiff and was about to remove the same; that the plaintiff went to said Paul and informed him that he was going to stop said wood, which he designed to do, and demanded security for said note, which said Paul promised to give; that thereupon the plaintiff proposed to said Paul that he should have the defendant sign said note and give the defendant security, instead of giving it directly to the plaintiff, and if he would do so, said note could lie, and he would give him time thereon, and allow him to take off said wood; that said Paul accepted said proposition and agreed to get the defendant to sign said note; that thereupon said Paul went with the plaintiff to the defendant, and after a conversation between said Paul and the defendant, which the plaintiff did not hear, said Paul told the plaintiff that the defendant would sign said note; that thereupon the plaintiff presented said note to the defendant and the defendant wrote his name on the back of said note; that the plaintiff has given said Paul time on said note and allowed him to take off said wood as he agreed to do; that said Paul carried off and sold said wood but has neglected to pay said note; and that the defendant, though requested, has neglected to pay said note."

The answer denied all the allegations of the declaration, and further alleged that if the defendant put his name on the note, he did so long after it had been delivered to the plaintiff, and without consideration.

At the trial in the Superior Court, before *Pitman,* J., the plaintiff testified that by an oral agreement he sold wood standing on his land to Paul on the day of the date of the note and took the note therefor , that in July, when the wood was all cut, and some of it had been taken from the land, he went to Paul, and said " I shall stop the wood if I do not get security," and proposed to Paul to get the defendant to indorse the note ; that Paul said he would do so, and they went together to the defendant's shop ; that Paul went in, stayed a quarter of an hour, and on coming out said the defendant would sign the note ; that Paul did not go in again, but the plaintiff went in and the defendant wrote his name on the back of the note ; that the plaintiff said " Is that sufficient ? " and the defendant said " Yes, that will hold me ; " and that Paul then carried off the wood. The defendant objected to the admission of so much of this testimony as related to the conversation between the plaintiff and Paul in the absence of the defendant, but the judge admitted it.

Paul and the defendant both testified that Paul said nothing to the defendant about signing the note ; that no consideration was paid to the defendant for signing ; that the defendant did not know that the plaintiff altered or was to alter his condition in any way on account of the defendant's having signed the note ; and that the defendant was not made acquainted with any of . the circumstances connected with the note.

The defendant asked the judge to rule that upon the evidence the plaintiff could not recover under the pleadings ; " that if there was a sufficient consideration between Paul and the plaintiff, it would not be a sufficient consideration between the plaintiff and the defendant, unless the facts and circumstances were communicated to the defendant at or before the time he signed the note ; and that the consideration of the plaintiff saying to Paul he would stop the wood unless Paul gave him security on the note, would not be a consideration between the plaintiff and defendant, unless the same was communicated to the defendant at or before the time he indorsed the note."

But the judge refused so to rule, and ruled " that it being admitted that the defendant put his name on the note after it was

delivered to the plaintiff, and as no part of the original contract, he could only be held liable upon proof of some new and independent consideration ; that this consideration need not move to the defendant, that is, it need not be any advantage or benefit conferred on him, but a loss or release of something on the part of the plaintiff would be enough ; that if the plaintiff had a demand note upon which he had a present power to sue and attach property, and had upon his own premises a large quantity of wood which he might attach, and if he then gave Paul to understand that he should so attach and stop the wood unless he furnished the defendant's name on the note as security, and Paul thereupon agreed, in consideration that he would not prevent his carrying off the wood, to procure the defendant's name, and went with the plaintiff to the defendant and obtained the defendant's name on the note, and in consequence thereof the plaintiff did allow Paul to remove the wood, this would be a sufficient consideration to support this action."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. A. Somerby*, for the defendant.

*W. Colburn*, for the plaintiff.

GRAY, J. Upon the plaintiff's declaration and testimony, it appears that he had made an oral agreement with Paul for the sale of the standing wood, and that Paul had cut all the wood and removed some of it. The title to the whole wood had vested in Paul, with an irrevocable license to enter upon the plaintiff's land and carry away what remained thereon, and the plaintiff had no right by his own authority to forbid his doing so. *Nettleton* v. *Sikes*, 8 Met. 34. *Hill* v. *Cutting*, 107 Mass. 596.

We have great doubts whether upon the allegations in the declaration and the evidence introduced at the trial, it would be competent for a jury to find that the plaintiff informed Paul that he intended to resort to legal process for the collection of the note and the attachment of the wood. But we express no decisive opinion upon that question, because the declaration may be amended, if necessary, and the testimony may perhaps vary, at the new trial, which must be granted upon another ground.

The defendant, as the jury were rightly instructed, having put his name on the note after it had been delivered to the plaintiff and not as part of the original contract, could not be held liable without proof of some new and independent consideration. That consideration need not be a benefit to the defendant. Any loss or disadvantage to the plaintiff, by giving up some right against a third person, or agreeing to abandon or delay enforcing some right against him, would be sufficient. But the consideration or motive of the promise must be known to the promisor. The minds of the parties must meet and agree upon the terms of the whole contract, including the promise on the one side and the consideration for it on the other. An agreement between the plaintiff and Paul, by which the former agreed to forbear to sue the latter, would not be a consideration for the defendant's promise, if not made at his request or communicated to him at or before the time of the making of his promise. *Tenney* v. *Prince*, 4 Pick. 385; *S. C.* 7 Pick. 243. *Stone* v. *White*, 8 Gray, 589.

It follows that the learned judge who presided at the trial erred in admitting evidence of conversations between Paul and the plaintiff, not proved to have been communicated to the defendant; in refusing to give the last instruction prayed for; and in the instruction given to the jury upon the same point.

*Exceptions sustained.*