PHILEMON HILL *vs.* HORACE CUTTING, JR.*

A parol license to enter upon land "at any and all times" and cut and carry away growing wood must be acted upon within a reasonable time, and if not acted upon within a period of more than three years may be revoked, and after revocation a sale of the wood by the licensee is, as regards the licensor, a nullity.

A judgment in an action for the conversion of wood is no bar to an action in the nature of trespass *quare clausum* for entering the plaintiff's close and cutting the same wood while growing.

TORT for breaking and entering the plaintiff's close and cutting and carrying away growing wood.

<hr>

* This case was argued and determined at September term, 1874, and is reported here by reason of its connection with the next preceding case.

The case was submitted to the First District Court of Southern Worcester, on the following agreed statement of facts:

" On April 22, 1865, John Hill conveyed a certain farm in Charlton, containing one hundred acres of land, to his two sons, John Hill, Jr., and Philemon Hill, the plaintiff in this suit; and they entered into possession thereof and continued to occupy the same in common and undivided until May 5, 1865, when they made partition thereof between them, by quitclaim deeds of that date. Philemon released his right in a part of the farm described in his deed to John, and John on the same day released his right in the remainder to the plaintiff, making the following reservation therein, to wit: ' Said grantor, John Hill, Jr., reserves for his own use all the wood, timber and trees now standing and being on ' a certain part of the land therein conveyed, described by metes and bounds, ' containing eight acres, more or less, with the right and privilege for the grantor, his heirs and assigns, to enter on said premises at any and all times, to cut and take away said wood and timber, with the privilege of crossing over the land of the grantee for that purpose.' This reservation was made to make the partition of the farm equal. Immediately after the partition each party entered into possession of the premises conveyed to him, and still continues in his possession thereof.

" Soon after May 5, 1865, the plaintiff asked John Hill, Jr., when he was going to cut said wood, timber and trees on the said eight acres as above described, and remove the same; to which John replied that he should do it when he got ready, and that he had a right to have it stand and remain there as long as he pleased. The defendant objects to the introduction of this evidence as immaterial, and the court is to exclude if incompetent; otherwise to be admitted as proved. John Hill, Jr., never did cut any of said wood and trees himself, and suffered it to stand on the premises until on or about June 22, 1868, when the plaintiff gave to him the following notice in writing, forbidding him to enter upon the premises: ' I hereby forbid your com ing on to the estate owned by me in Charlton, conveyed by you to me in May, 1865, for the purpose of cutting and taking away

any wood and timber thereon, the same not having been cut as required by me ; and I shall prosecute you for entering thereon or attempting to take the same, if you shall hereafter seek to do so. I claim said wood and timber as my own, and shall defend my claim to it by legal steps.'

" On February 5, 1870, John Hill, Jr., sold the wood on the eight acres for $600 to the defendant, giving him a bill of sale thereof in writing, and thereupon the defendant at once entered upon the premises and cut about one half of said wood, timber and trees, and removed the same, for which the plaintiff brought an action against the defendant for the conversion of certain chestnut, which action was passed upon in the Supreme Judicial Court, and is reported in 107 Mass. 596, and may be used so far as material in this case.

" The plaintiff did not forbid Cutting from entering upon the premises before he begun such cutting, but as soon as he was informed thereof, he did forbid the further entry on the premises, and the defendant thereupon ceased, and has not cut down any wood, timber or trees since that time. The defendant was not aware that the notice had been given to John Hill, Jr.

" John Hill, Jr., also sued the plaintiff in an action of contract, which was brought to recover the value of the wood on the premises as a part of the consideration of his deed to Philemon, which may be referred to so far as material in this case. All the acts done by the defendant on the premises were done, as he contends, under his bill of sale. John Hill, Jr., sold the wood, &c., knowing that the said notice had been given, and claiming the right to make such sale, notwithstanding such notice.

" If the plaintiff is entitled to recover in this action, the damages therefor are to be assessed by the court."

The District Court ordered judgment for the plaintiff for $100 ; the defendant appealed to the Superior Court, where judgment was ordered for the plaintiff without naming the amount. The defendant then appealed to this court, and an agreement of parties was filed fixing the amount of the damages at $150.

*J. M. Cochran,* for the defendant.

*A. J. Bartholomew,* for the plaintiff.

AMES, J.   The questions raised in this case are substantially disposed of by the decision in *Hill* v. *Hill, ante,* 103.   It was there held that the extent of John Hill, Jr.'s right under the attempted reservation in his deed was to cut and remove the trees within a reasonable time ; and that, as he had failed to do so, his right ceased, and the trees became the property of this plaintiff, who was the owner of the soil.   The written notice to John Hill, Jr., forbidding him to enter upon the premises for the purpose of cutting the wood and removing the same, was an effectual revocation of his license and put an end to his right.   As he could give no greater title than he had, his subsequent bill of sale of the same property to this defendant was a mere nullity, so far as concerns the plaintiff ; and the entry of Cutting upon the land, being wholly unauthorized, was a trespass for which the plaintiff can maintain his action.

In *Hill* v. *Cutting,* 107 Mass. 596, which was an action for the conversion of certain lumber on the same premises, and which was submitted to the court upon an agreed statement of facts, it was held that the so called reservation had the effect of a parol transfer and license to enter and cut the wood, which license did not appear by the agreed statement to have been countermanded. In the case now before us, this important element of an express previous countermand distinctly appears.

The judgment in the former action is no bar to this, because the cause of action was not the same, and although the right or license to enter upon the land was involved in that case, it was incidentally only, and as a fact bearing upon the question of title to the wood alleged to have been wrongfully appropriated by the defendant.   It was not essential to the judgment in point of pleading, and was not in fact tried as a part of the issues in the case.   The agreed statement of facts was an admission for the purposes of that case only, and does not create an estoppel to be set up in another.

The recovery in this case is for a wrongful entry upon the land. Personal property removed at the same time may be recovered for, as an aggravation of the trespass.   But if the plaintiff had already recovered in the former action for the wood taken away

at the time of such entry, he could not have damages therefor again in this action. The parties have, however, agreed as to the amount of damages, and no question arises upon that point.

*Judgment for the plaintiff.*