JOSEPH PRATT & another *vs.* HORACE M. HEDDEN.

Worcester.    October 4. — 10, 1876.    COLT & MORTON, JJ., absent.

A promissory note, signed by a principal and surety, being due, the payee agreed to extend the note for one year, on the principal furnishing an additional surety. To obtain the extension the principal requested a third person to put his name on the note, and told him that the payee had required him to furnish another surety on the note. The third person wrote his name on the back of the note, "waiving right to demand a notice." *Held,* in an action by the surety, who had been obliged to pay the note, against the third person for contribution, that, it not being proved that the extension of the note was known to the defendant, the promise of the defendant was without consideration, and that the action could not be maintained.

CONTRACT for $2325.47, and interest thereon, being money paid by the plaintiffs to the defendant's use, " the same being one third of the amount paid by the plaintiffs on taking up and paying the following note, signed by Lucius W. Pond, and the plaintiffs : " Worcester, May 18, 1870. For value received, we, L. W. Pond, as principal, and F. H. Kelley and Joseph Pratt, as sureties, jointly and severally promise to pay to the People's Savings Bank, in the city of Worcester, or order, seventy-seven hundred eighty-three and $\frac{76}{100}$ dollars, on demand, with interest semi-annually at rate of eight per cent. per annum, at the office of said Savings Bank."

The answer admitted the making of the note, and alleged that on or about May 23, 1873, the said Savings Bank, being dissatisfied with said security, requested Pond to furnish an additional surety, and that thereupon, and at the request of Pond, the defendant made the following indorsement on the back of the note : " Waiving right to demand a notice. Horace M. Hedden." The answer also contained a general denial.

The case was submitted to the judgment of this court on the pleadings and agreed facts, in substance as follows :

On May 18, 1870, Lucius W. Pond borrowed money of the People's Savings Bank, of Worcester, on the note set forth in the declaration, which was signed by him and the plaintiffs.

On or about December 23, 1872, the bank called for payment of the note ; Pond applied to the bank for an extension of time upon the loan, and the trustees voted on December 23, 1872, in relation to said note, as follows : " Voted to extend for one year

from this date the note of L. W. Pond, on condition that he re-duce it to $6000, and furnish an additional surety." On Jan-uary 6, 1873, Pond, towards effecting this reduction, paid $1500 to the bank on the note, and the amount was indorsed thereon. At about this time, in order to obtain the extension of the loan proposed by the vote, Pond saw the defendant and told him that the bank had required him to furnish another surety on the note, and requested the defendant to put his name on the note, and the defendant thereupon went to the bank, and, the note being produced by the treasurer, he put his name on the back thereof, as set forth in the answer. The bank did not afterward require Pond to pay the remaining sum of $283 $\frac{76}{100}$ necessary to reduce the note to $6,000, but allowed the loan to stand until the bank-ruptcy of Pond in 1875, and until paid by the plaintiffs.

In February, 1876, Pond was in bankruptcy, and the bank de-manded payment of each of the plaintiffs. On February 17, the plaintiffs together visited the defendant, told him of the demand made upon them, and said, "we are compelled to pay the note to save suit, and this day shall do so. We claim and shall hold you liable to contribute to the payment thereof, and we now demand that you do so." To this demand the defendant gave a written refusal. Thereupon the plaintiffs paid to the bank the amount alleged in the declaration for the said note, paying the amount equally and at the same time.

If on the pleadings and the above facts the plaintiffs were en-titled to recover, judgment was to be entered for them for one third of the amount paid by them to the bank, with interest from the time of payment; otherwise, judgment for the defendant.

*W. S. B. Hopkins & F. P. Goulding*, for the plaintiffs.

*G. F. Verry & F. A. Gaskill*, for the defendant.

GRAY, C. J. The defendant's contract, (whether it is to be considered in the nature of an indorsement, of a guaranty or of suretyship,) having been made after the note had once been de-livered, requires proof of a distinct consideration to support it. The agreement between Pond and the bank, which is the only consideration relied on, not being proved to have been made known to the defendant, is no sufficient consideration for his promise. *Ellis* v. *Clark*, 110 Mass. 389. The defendant there-fore was not liable on the note, and cannot be required to con-tribute to its payment. *Judgment for the defendant.*