Okey, O. J.
Two questions are involved in the determination of this case : first, as to the form of exception to the charge, and secondly, whether the charge, in the particular set forth, was warranted.
1. In Adams v. State, 25 Ohio St. 584, it was held that a *536 reviewing court is not bound to notice an exception to any particular part or- parts of a general charge, unless the attention of the court delivering the charge was, at the time, directed specifically to the part or parts claimed to be erroneous, and this fact appear by bill of exception. That case has been repeatedly approved (Taylor v. Leith, 26 Ohio St. 428; Railroad Co. v. Strader, 29 Ohio St. 448; Railway v. Probst, Fitzgerald v. Cross, 30 Ohio St. 104, 450; Berry v. State, 31 Ohio St. 219; Insurance Co. v. Tobin, 32 Ohio St. 77; McKee v. Hamilton, Powers v. Railway Co., Insurance Co. v. McGookey, 33 Ohio St. 7, 229, 555; and see Lincoln v. Claflin, 7 Wall. 132; Magee v. Badger, 34 N. Y. 247; Brown v. Kentfield, 50 Cal. 131), and we are well satisfied with it; but we see no reason for applying that rule in this case. On the contrary, where, at the time a general charge is given, a party states to the court his objections to separate, distinct parts of it, and the court fails to modify the charge, it is sufficient to set forth in the bill of exceptions the parts of which he complains, and state, as here, that he excepts to each and all the parts so set forth, and it is unnecessary to note an exception at the end of each of such parts.
2. That Robert Gr. Martin, by assenting to an agreement between S. B. Martin and Banta, for an extension of time for payment of the notes and indorsing his name thereon, would render himself liable for their payment, admits of no doubt; and the agreement would be equally binding whether such extension be in terms for a reasonable time, or until next spring, or for a year. Calkins v. Chandler, 36 Mich. 320; cf. Gower v. Stewart, 40 Mich. 747; Seymour v. Mickey, 15 Ohio St. 551; 1 Rev. Stats. 821; Oldershaw v. King, 2 H. & N. 517; Pratt v. Hedden, 121 Mass. 116; Brandt on Suretyship, § 8; Leake on Con. 622 ; Wald’s Pollock on Con. 166; Roseoe’s N. P. Ev. (14th ed.) 432. On the other hand, it is quite clear that Robert Gr. Martin is not liable unless he had knowledge of an agreement for such extension, and placed his signature .on the notes in furtherance of such agreement. Ib.
Upon the question whether there was an agreement for extension of time assented to by Robert Gr. Martin, the evidence *537 is in conflict, and we express no opinion as to its weight or preponderance. We are of opinion that the charge of the court, in the particular stated, was unwarranted, and that this calls for a reversal of the judgment. The court, as we have seen, ehai'ged in effect that the extension of time, according to the agreement set forth in the petition, was until March 1, 1874. Assuming, without deciding, that this was correct, evidence of an agreement for such extension for one year, made April 7, 1873, was offered and received without objection, as we have also seen. In this posture of the case — the evidence and arguments of counsel having been heard — the court, in effect, arrested the evidence from the jury. But there is a marked difference between a case where the allegation of a claim, to which the proof is directed, is unproved in its general scope and meaning, and not merely in some particular, and a case in which the variance between the proof and such allegation does not appear to have misled the defendant. Civil Code, §§ 131-133 ; Rev. Stats. §§ 5294-5296. The variance here was of the latter class, while the court treated it as of the former.

Judgment reversed.