Moore, J.
Upon the issues made and facts found as recited, it is urged by counsel for the defendants that the mortgage cannot be enforced for two reasons:
1st. . That the mortgage was given without consideration, and is therefore invalid.
2nd. That the mortgage is a contract of suretyship, executed in Indiana, to secure notes made and payable in Indiana where the parties then resided; that as such contract of suretyship is contrary to public policy, illegal and void in the state of Indiana, the same cannot be enforced.here; that the question as to the validity of this mortgage is governed by the laws of Indiana, and not by the laws of the state of Ohio.
As to the first question; the evidence shows that on the 26th of May the plaintiff accepted from defendant Beaver his notes for a stock of goods which had been invoiced and delivered to said Beaver on the 16th of May previous, in pursuance to a sale made on that day, and which notes evidenced the balance of indebtedness due on said goods. That Beaver and Webb were related, and that the defendant May H. Webb, at the request of her husband, on the 26th day of July, 1882, executed the mortgage sought to be foreclosed in this action on her lands, to secure the payment of the said notes of said Beaver, according to the tenor and effect thereof. The transaction in regard to said goods and said notes had been fully executed and completed; there was no extension of time, *52 no change of the rights or position of the parties. Was, this voluntary giving of this security such act as can be enforced, or was it invalid for want of consideration? We think the authorities sustain the doctrine, contended for by defendants’ counsel, that in order to make the mortgagor liable in such case, there must be some new consideration. A learned author on this subject says: “To support a mortgage made for the accommodation of another, there must be a consideration. If the debt of the other person which is thus secured by the mortgage, be already incurred, there must be a new and distinct consideration for the obligation incurred by the mortgor, as surety or guarantor of that debt. But if the debt secured be incurred at the same time that the mortgage is given, and this collateral undertaking enters into the inducement to the creditor for giving the credit, then the consideration for such contract is'regarded as consideration also for the collateral undertaking by way of mortgage.” Jones on Mortgages, sec. 615; Davidson v. King, 51 Ind. 224; Brand on Suretyship, sec. 9; Ellis v. Clark, 110 Mass. 389; Pratt v. Heddan, 121 Mass. 116.
In a recent case, decided May 12th, 1886, the supreme court of Indiana say : “ Although in 1863, a married woman might mortgage her separate property for the debt of a third person, yet there must have been some consideration therefor. And the mere fact that the mortgage was to secure her husband’s debt already incurred, would not be sufficient without -other consideration.” Bridge’s Adm’r v. Blake et al., 6 Northeastern Reporter, 833.
The case of the Kansas Manufacturing Co. v. Gandy, 9 N. W. Rep. 569 (supreme court Nebraska), seems even more directly in point. In September, 1878, one G. gave his note, due in one year, to Manufacturing Company; in December following the wife of G. gave a mortgage on her separate estate to secure the note, there being no extension of the time of the payment, nor any new consideration, the court held, that the mortgage could not be enforced. See also Wearse v. Pierce, 24 Pick. 141; Connell v. Clifford, 45 Ind. 392; Smith v, Newton, 38 Ill. 230.
The second proposition of the syllabus in Rocksborough v. Messick et al., 6 O. St. 448, is a necessary corollary of the rule con *53 tended for by defendants’ counsel. It is there decided, “ When a debt is created, without any stipulation for further security, and the debtor afterward, without any obligation to do so, voluntarily transfers a negotiable instrument to secure the pre-existing debt, and both parties are left, in respect to the pre-existing debt, in statu quo, no new consideration, stipulation for delay, or credit being given, or right parted with, by the creditor, he is not a holder of the collateral for value, in the usual course of trade, and receives it subject to all the equities existing against it at the time, of the transfer.”
In the case at bar, the plaintiff surrendered nothing, nor did the defendants, or either of them, receive any benefit whatever from the execution of the mortgage. The notes which it was given to secure, had been delivered, and the transaction which led to the giving of the notes, had been closed. There was no extension of the. time of payment, and no consideration for the execution of the mortgage. It cannot, therefore, be enforced for this reason.
2nd. As to whether this mortgage is governed by the laws of Indiana or the laws of Ohio. The statute of Indiana provides, “ That a married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in other manner; and such contract as to her shall be void.” The courts of that state have repeatedly held, that the giving of a mortgage by a married woman, to secure the debt of her husband, is prohibited by this statute. “ Where a married woman joins in a mortgage on her separate real estate to pay her husband’s debt, or remove an incumbrance which she had-hot power to make, she is not liable on such mortgage.” Cupp v. Campbell, 2 N. E. R. 565.
“ A mortgage by a married woman, on her separate estate, to secure her husband’s debt, is absolutely void. Engle v. Acker, 6 N. E. R. 342.
In construing this statute, the Supreme Court of Indiana say: “ If she (the married woman) was not bound to pay the note, which she had signed as surety,'she would not be bound by the mortgage; for she was as much security in the mortgage, as she was on the note. The promise to pay the debt in the mortgage could not be any more binding upon her then *54 the promise contained in the note to pay the same debt.” 101 Ind. 189. See also Dodge v. Kinzy, 101 Ind. 102; Allen v. Davis, 99 Ind. 216; Brown v. Will, 108 Ind. 71.
The contract entered into by Mrs. Webb, under these decisions, was clearly illegal and void in its inception.
Judge Boynton says, “ That in so far as the contract is ex-ecutory, the defendant, although in pari delicto, or any one acquiring an interest in the property affected by the contract sought to be enforced, may set up the illegality of- its consideration in defense. No one is allowed to set up his own fraud or criminality to defeat an innocent party; but where both parties are participes criminis, the fraud may be set up and proved by either party, when the unexecuted portion of the contract is sought to be enforced against him.” McQuade v. Rosecrans, 36 Ohio St. 448. See also Goudy v. Gebhart, 1 Ohio St. 262.
A mortgage in Ohio, in a court of equity, is a chose in action, and is incident to the debt.
“ A mortgage is now treated in both courts, eqpity and law, as a mere security for the debt, and the mortgagee is permitted to use the legal title only for the purpose of making effectual such security.” Judge Ranney in the 4th Ohio St., page 612.
“ In a court of equity, at least until after entry and foreclosure, a mortgage, whether before or after condition broken, is regarded as mere security for the performance of its condition.” Judge Brinkerhoff, 14 Ohio St., page 212.
“ In equity, a mortgage is but a chose in action, given to secure the performance of some act, usually the payment of money, Where anything remains to be done' to carry into effect the intention of the parties, and which can only be accomplished through the aid of a court of equity where one of the parties refuses to perform the stipulations which he has agreed to perform, the contract is executory. A mortgage being conditioned for the payment of a sum of money, or the performance of some other act, if the money is not paid or the act performed, and the equity of redemption is sought to be foreclosed, the active aid of a court of equity is required. And this aid is always, and uniformly, denied when sought to enforce a contract the consideration of which is illegal. In *55 such case the maxim applies in pari delicto potior est conditio defendentis, not because the defendant’s rights are superior to the plaintiff’s, but coming into court with unclean hands, it refuses to exercise its powers .in his behalf.” Judge Boynton, 36 Ohio St., page 447.
These quotations would seem to indicate that the foreclosure of a mortgage is the enforcement of a personal contract, and which contract is executory.
Mr. Jones, in his learned work on mortgages, says : “ The law of the place of contract, or of the law of the place of performance determines the question whether the mortgage be valid or usurious, irrespective of the place where the land, which is the subject of the mortgage, is situated.” Jones on Mortgages, 650.
And again: “.The general rule undoubtedly is, that the law of the place where the contract is executed, governs as to the construction and validity of it; but there is this well-recognized exception to the rule, or qualification of it, that where the contract is to be executed in another place, then the law of the place of execution will govern. When the mortgage debt is by its terms made payable in the state where the land is situated, though the mortgage was executed in another state, the contract, so far as it is personal, is to be interpreted by the laws of the place of performance. But the place where the mortgage is made payable may be different from the place where the land is situated; and the mortgage may have been executed in still a third place, and the question arises: By what law is the mortgage then to be governed ? Obligations in respect to their mode of solemnization, says Mr. Wharton, are subject to the rule locus regit actum; in respect to their interpretation, to the lex loci contractus; in respect to the mode of their performance, to the law of the place of their performance. But the lex fori determines when and how such laws, when foreign, are to be adopted, and in all cases not specified above, supplies the applicatory law.” Jones on Mortgages, 656.
“ Where a loan is made in one state, and security given therefor in another state, by way of mortgage, it may be asked which law is to govern, in relation to the contract and its in *56 cidents. The decision is that the law of the place where the loan is made is to govern, for the mere taking of the foreign security does not necessarily alter the location of the contract. Taking such security, does not draw after it the consequence that the contract is to be fulfilled where the security is taken. The legal fulfillment of the contract is the payment of money, and the security given is but the means of securing what he has contracted for; which in the eye of the law is, to pay where he borrows, unless another place of payment be expressly designated by the contract.” Story on Conflict of Laws, sec. 287.
This question has perhaps more frequently arisen on questions in reference to the usury laws, where the payment of the debt is secured by mortgage,, and where the security is in one state and the place of the contract, and the place of the payment of the debt is in another state. The fa'te of the security has been held to depend upon the law of the place of contract and payment.
In 7 Ohio St. the court hold: “ Where the loan is negotiated in the state of New York, the money advanced, note taken and mortgage made, with astipulation to be repaid there, the laws of the state of New York are applicable to the contract, although the loan was secured by mortgage upon the lands in Ohio.”
Judge Swan in rendering the opinion in that case, says:
“The contract for the loan was made in New York; the money was advanced there; the note and mortgage were delivered there, and the loan was to be re-paid there. The fact that one of the incidents of the debt, consisted of the lien by by way of mortgage upon the lands in Ohio, to secure payment, does not change the law in that respect. It was a contract not only • made, but to be performed in the state of New York, and must be governed by the laws of that state.” Lockwood v. Mitchell, 7 Ohio St. 388.
Speaking of usurious contracts, Judge Story says:
“ The question therefore, whether a contract is usurious or not, depends not upon the rate of interest allowed, but upon the validity of that interest in the country where that con *57 tract is made, and has to be executed.” Section 292, Conflict of Laws.
And again: “ And in cases of this sort it will make no difference (as we have seen) that the due performance of the contract is secured by mortgage or other security upon property situate in another country where the interest is lower, if it is collateral to such contract. .And the interest reserved being according to the law of the place where the contract is made and to be executed, there does not seem to be any valid objection for giving collateral security elsewhere to enforce and secure the due performance of a legal contract.” Section 293, Id.
The result of our investigations on this subject leads us to the conclusion, which seems to be supported by the entire weight of authority, that the enforcement of the mortgage on lands in one state, given by residents of another state and contrary to the laws thereof, to secure notes executed in the latter state and payable there, is determined by the law of the place of the execution and performance of the contract so executed. For this reason we also think the mortgage cannot be enforced.
But it is claimed by counsel for the plaintiff that the defendant May H. Webb, is bound by the recital in the mortgage, and that she is estopped thereby from denying that the mortgage was given to secure the balance of the purchase-price of the land. It is sufficient answer to this, that the plaintiff has not plead an estoppel, and again, that the plaintiff in this action was in no wise misled or deceived by the recital in the mortgage. Pomeroy Equity Jurisprudence, sec. 804 et seq; McKenzie v. State, 18 Ohio St. 38; McAfferty v. Conover, 7 Ohio St. 99.
“A party who contracts with a married woman, is bound to take notice of the capacity in which she contracts.” Kelly v. Orr, 8 North Eastern Rep. 195.
“ A recital in a mortgage that a married woman is principal, will not make her such. For a woman cannot, by her own act, enlarge her legal capacity to convey or bind ber separate estate. To hold her as principal, it is essential that the *58 loan should havé been made by her, and for. the benefit of herself and her own property.” Orr v. White, 6 N. E. R. 909; Bank of America v. Banks, 101 U. S. 240.
Newbegin & Kingsbury, for plaintiff.
Johnson & Haymaker, Harris & Cameron and Hill & Hubbard, for defendants.
“ While it is true that a married woman is now subject to an estoppel in pais like any other person, she is not to be es-topped in any manner different from any other person. Some element of fraud, misrepresentation or concealment must enter into her conduct, so that the estoppel shall be predicated upon tort, and not upon contract. A married woman has no more right to injure or mislead others by her conduct or misrepresentations than if she were sui juris; and where it is made to appear that by fraud, misrepresentations, or concealment, she has lead one into contracting with her as principal, she will not be permitted to gainsay such representations as may have induced another to act who, in good faith, relied on them. Oglesby, etc., Co. v. Pasco, 79 Ill. 164; Powell’s Appeal, 98 Pa. St. 403; Bigelow on Estoppel, 513; Cooley on Torts, 117. One contracting an incumbrance on the estate of a married woman cannot, however, deal with her at arm’s length, knowing that she is married, and that by law she is prohibited from contracting for the benefit of another; and knowing that she is about to incumber her separate estate in his favor, he is bound to inquire concerning the consideration, and ascertain, if he may, by reasonable inquiry from her, whether it is for her benefit, or for the benefit of another, and unless misled by the conduct or representations of the wife, he will be held to have acquired a knowledge of the facts which prudent inquiry would have disclosed.” Cupp v. Campbell, above.
We think the equities in this case are with the defendants, and they are entitled to decree as prayed for.