## DANIEL L. ROBERTSON & another *vs.* ELIZABETH B. ROWELL & another.

Middlesex.    December 5, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Notes — Written Agreement — Indorsement of Married Woman — Consideration.*

On a bill in equity brought against a married woman on three promissory notes signed by her husband, payable to her order, and bearing her name upon the back under the words, " I hereby charge my separate estate with the amount of this note," it appeared in evidence that a written agreement was made between the plaintiff and the husband of the defendant referring to the notes, and providing that, if paid to the plaintiff, they should be a settlement in full of all claims between the parties to date ; but if any of them should not be paid, the account should stand as stated in the plaintiff's ledger. A week or two after the agreement and notes were signed by the husband and left with the plaintiff, the husband brought his wife to the office of the plaintiff, and she put her name on the back of each of the notes under the words referred to. The plaintiff was away, but had left the papers with his bookkeeper. The notes were used by the plaintiff according to the terms of the written contract. *Held*, that evidence of an original oral agreement that the defendant was to lend her credit to her husband was competent evidence in connection with the other facts to show that the papers when left with the plaintiff were not delivered, but merely left to await completion ; that the case was one of an accommodation indorsement , that the

words written over the signature of the defendant had no tendency to show the nature of her obligation, and that, if she made any kind of a contract, her separate estate would be chargeable for the performance of her undertaking as well without these words as with them.

The cases which hold that knowledge of the consideration by one putting his name on a note for the accommodation of another is necessary to bind him, are where a note had previously taken effect as a contract, and a new and independent consideration is required for the new contract.

BILL IN EQUITY, seeking to hold Elizabeth B. Rowell, a married woman, upon three promissory notes signed by her husband, payable to her order, and bearing her name upon the back under the words, " I hereby charge my separate estate with the amount of this note," and to reach and apply in payment thereof the income of a trust fund held for her benefit.

Hearing before *Allen*, J., who ordered a decree for the defendant, dismissing the bill upon the ground that there was no consideration for the undertaking of the defendant Rowell, and reported the case for the consideration of the full court.

*E. I. Smith*, ( *C. M. Ludden* with him,) for the plaintiffs.

*W. H. Powers*, (*N. Currier* with him,) for the defendants.

KNOWLTON, J.   The only question reserved by this report is whether the bill should be dismissed on the ground that the notes, as against the defendant Elizabeth B. Rowell, were without consideration.   A written agreement was made between the plaintiff Robertson and William B. Rowell, the husband of the female defendant, referring to the notes set out in the bill, and providing that, if paid to the said Robertson, they should be a settlement in full of all claims between the parties up to that date ; but if any of them should not be paid, the account should stand as stated in the ledger of Robertson.   The notes were signed by William B. Rowell, and made payable to the order of Elizabeth B. Rowell, and on the back of each were written the words, " I hereby charge my separate estate with the amount of this note." The agreement and all the notes were signed by William B. Rowell, and were left with Robertson.   A week or two afterwards Mr. Rowell brought his wife into the city, and she went with him to the office of Robertson and put her name on the back of each of the notes under the words written there.   Robertson was away, but had left the papers with his bookkeeper.

It is evident from the form of the notes, and from the written

agreement, that they were left incomplete, and were not designed
to be held as contracts until signed by Mrs. Rowell. They
were payable to her order, and were to be indorsed by her before
they would be in a condition to be used by Robertson. We do
not understand the court to find that the papers were delivered
as binding contracts when they were left with Robertson, but
merely left with him to be held for completion by the signature
of Mrs. Rowell, and for future delivery. It is apparent that the
transaction was inchoate until the notes were signed by her and
the papers subsequently delivered to take effect as contracts. It
is also manifest that she intended to lend her credit to her hus-
band. It is found that it was a part of the original agreement
that she should do so. That there was such an oral agreement is
competent evidence, in connection with the other facts, to show
that the papers, when left with Robertson, were not delivered,
but merely left to await completion. When completed, they
were to be used by him according to the terms of the written
contract, and they were in fact so used. It was a common case
of an accommodation indorsement. The words written over the
signature of Mrs. Rowell had no tendency to show the nature of
her obligation. They were entirely consistent with any kind
of an obligation, and as consistent with one as another. With-
out them, her signature constituted an ordinary indorsement;
with them, it was neither less nor more. If she made any kind
of a contract, her separate estate would be chargeable for the
performance of her undertaking as well without these words as
with them. Pub. Sts. c. 147, § 2.

The case differs from *Tuttle* v. *Bartholomew*, 12 Met. 452, and
*Belcher* v. *Smith*, 7 Cush. 482, in which the signature on the
back of the note was appended to the special and peculiar con-
tract of guaranty.

If there was a sufficient consideration for the notes between
Robertson and her husband, she was bound, for she signed before
the notes were used, knowing that her husband was to use
them. There was a valuable consideration moving from Robert-
son in his implied promise contained in the writing not to sue
on the account until the maturity of the first note, nor after-
wards if the notes were paid when due. It was immaterial
whether she knew the nature of the consideration or not. It

was enough that she gave her husband the use of her name and credit in his transaction with a third person. *Chicopee Bank* v. *Chapin,* 8 Met. 40. *Stoddard* v. *Kimball,* 4 Cush. 604, and 6 Cush. 469. *Hilton* v. *Smith,* 5 Gray, 400.

The cases which hold that knowledge of the consideration by one putting his name on a note for the accommodation of another is necessary to bind him, are where a note had previously taken effect as a contract, and a new and independent consideration is required for the new contract. *Ellis* v. *Clark,* 110 Mass. 389. *Pratt* v. *Hedden,* 121 Mass. 116. *Rogers* v. *Union Stone Co.* 130 Mass. 581. In such cases, the new contract being between the holder of the note and a new party, if the consideration moves from the holder it must be known to the signer, or there is no mutuality, and it is not a consideration between the parties to the contract.

We are of opinion that, on the facts reported, there was a good consideration for the promise of the female defendant, and the case must stand for a further hearing.          *So ordered.*