[No. 2414. Decided March 11, 1897.]

MERCHANTS' BANK OF PORT TOWNSEND, *Appellant*, v.
C. B. BUSSELL, *Respondent*.

NEGOTIABLE INSTRUMENTS — EXTENSION OF PAYMENT — RELEASE OF
SURETIES.

The extension of time of payment of a promissory note in consideration of its indorsement by an additional surety constitutes such a new contract, based upon a valid consideration, as to release sureties not consenting thereto.

A contract for extension of the time of payment of a promissory note, entered into between the holder and part of the sureties thereon, is binding and valid, although the principal makers of the note may not be parties to the agreement.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*Blaine & DeVries,* and *Wilmon Tucker,* for appellant:

The extension of time shown by the agreement contains an express- reservation of the rights and remedies of the holder of the note against all the parties thereto, who did not enter into that agreement; hence the right of the surety C. B. Bussell, who did not consent to the extension, to make payment of the note and become subrogated to the rights of the holder were preserved, just as though no extension of time was given. *Boston National Bank v. Jose,* 10 Wash. 185; *Tobey v. Ellis,* 114 Mass. 120; *Sohier v. Loring,* 6 Cush. 537; *Hutchins v. Nichols,* 10 Cush. 299; *Potter v. Green,* 6 Allen, 442; *Viele v. Hoag,* 24 Vt. 46; *Morse v. Huntington,* 40 Vt. 488; *Hagey v. Hill,* 75 Pa. St. 108 (15 Am. Rep. 583); *Wagman v. Hoag,* 14 Barb. 233.

Where the original contract has been completed and the consideration has passed from the creditor to the principal, a contract of suretyship subsequently made is without consideration, except in cases where the original contract between the creditor and principal was made upon the prior promise of the surety. *Pratt v. Hedden,* 121 Mass. 116; *Barnes v. Vankeuren,* 47 N. W. 848; *Tenney v. Prince,* 4 Pick. 385 (16 Am. Dec. 347); *Ellis v. Clark,* 110 Mass. 389 (14 Am. Rep. 609).

Lovejoy, indorsing the notes, became a guarantor, and even though he should be considered a surety the addition of a new surety is not such a material alteration as will release the maker or other surety. *Mersman v. Werges,* 112 U. S. 139; *Miller v. Finley,* 26 Mich. 249 (12 Am. Rep. 306); *Gano v. Heath,* 36 Mich. 441; *Brownell v. Winnie,* 29 N. Y. 400 (86 Am. Dec. 314); *Stone v. White,* 8 Gray, 589. Giving time to one of several sureties by the creditor will not discharge the others.

*W. D. Lambuth,* for respondent:

Appellant argues that "the law does not release indorsers for a mere whim, but there must be a material alteration or change in the contract before they can claim a discharge." As to this contention we would respectfully cite the following authorities to the effect that any variation which may prejudice him, or which may amount to the substitution of a new agreement, will discharge the surety. It is laid down by these authorities, furthermore, that the alteration will discharge the surety, even though the alteration is to his advantage. *Fairhaven v. Cowgill,* 8 Wash. 690; *Bowers v. Briggs,* 20 Ind. 139; *McVean v. Scott,* 46 Barb. 379; *Henry v. Coats,* 17 Ind. 161; *Miller v. Finley,* 12 Am. Rep. 306; *Bank of Limestone v. Penick,* 15 Am. Dec. 136; *Berryman v. Menker,* 56 Iowa, 150; *Hall v. McHenry,* 87 Am. Dec. 451; *Owens v. Tague,* 29 N. E. 784; *Williams v. Jensen,* 75 Mo. 685.

The opinion of the court was delivered by

. Scott, C. J.—The plaintiff brought this action upon a promissory note executed by Smith Brothers, as principals, to one C. B. Bash, and thereafter transferred to the plaintiff. At the time of the execution of the note it was indorsed by D. T. Wheeler, C. H. Shaw, C. B. Bussell, W. VanWaters, F. C. Alger and Henry Bash. After the maturity of the note some of the parties, being pressed for payment, applied for an extension of time; whereupon the following agreement was entered into, which was attached to the note:

"In consideration of the sum of one hundred and twenty-five dollars and seventy cents, interest upon the attached note to date, the time of payment thereof is extended as follows; at least $500 thereof to be paid

within ninety days of this date, and $500 a month thereafter until the whole amount of principal and interest is paid and discharged. This extension of time is also upon the further consideration of the endorsement of said note by J. C. Lovejoy, and upon the consent of the undersigned D. T. Wheeler, C. H. Shaw and F. C. Alger. This agreement in no manner to interfere with an action upon said note against the other parties thereto.

"Dated this 15th day of June, 1891.

                    " E. F. Blaine, Att'y for owner and holder,
                    "C. H. Shaw, F. C. Alger by C. H. Shaw,
                    "D. T. Wheeler, J. C. Lovejoy."

Bussell was not a party to said agreement, and he defended the action, seeking to avoid liability by reason of the extension of time given and the indorsement of the note by Lovejoy under said agreement, and, a motion for a non-suit by him having been sustained, the plaintiff has appealed.

The parties concede that all of said indorsers were liable only as sureties. The plaintiff contends that the agreement for an extension of time was not binding for the reason that it was not made for a consideration, and also for the reason that the principal debtors upon the note, Smith Brothers, were not parties to the agreement.

The first point is based upon the proposition that the consideration for the extension was the payment of part of the sum then due upon the note; but the agreement expressly stipulates that it is also made upon the further consideration of the indorsement of the note by Lovejoy, and this was a valid consideration, regardless of the part payment. *Ellis v. Clark*, 110 Mass. 389 (14 Am. Rep. 609); *Williams v. Jensen*, 75 Mo. 681.

In support of the proposition that the agreement

was not binding because the principal makers of the note were not parties thereto, appellant cites 2 Daniels on Negotiable Instruments (4th ed.), paragraph 1324, which states that the agreement in such a case 'must be made with the principal. But the authorities cited in support of the text say that where the maker of the note or bill is not a party to the extension, it does not prevent an action thereon by the holder, and consequently that the sureties would not be discharged. Evidently the word "maker" was meant to include any party to the instrument, for in each of the cases cited the agreement was an independent one, with persons not parties to the note or bill, it being held that in such a case the right of the holder to maintain an action upon the note against the principal and the sureties still existed, although he might be subject to an independent action for damages by the persons with whom he had contracted for an extension, but with which the persons liable upon the note were not concerned. There certainly would be no reason for applying the proposition to a case of this kind. These sureties were parties to the note and had a right to enter into a contract binding the holder to postpone action thereon for a specified time.

The further point is made that the agreement would not release Bussell because a right of action against all the persons liable upon the note not parties to the agreement was expressly reserved therein, and the authorities seem to sustain this proposition, holding that in case one of the sureties not a party to the agreement for the extension should pay the same, the implied right by virtue of the reservation existed in him to at once bring an action against the other parties who had stipulated for the extension, and that his rights were in no wise impaired. 2 Daniels, Ne-

gotiable Instruments, § 1322, and cases cited; Story, Promissory Notes (7th ed.), § 416.

As to whether § 756, Code Proc., authorizing any person bound as surety to require the creditor to forthwith institute an action upon the contract when the right of action has accrued, or, as provided in § 757, in case of a failure to do so within a reasonable time, that the surety would be released, would affect this proposition, we are not called upon, and do not desire, to determine in this case, as the point is not raised by counsel, and we are of the opinion that the second point made by the respondent must be sustained, which is that the taking of another surety under the agreement for the extension released Bussell who was not a party thereto.

This point seems to be sustained by the authorities. No case has been cited to us directly holding the opposite, although a number have been called to our attention holding that the addition of a surety would not discharge the principal maker because it in no wise altered the contract which the maker of the note had entered into, his obligation being to pay the full amount of the note without any right of recourse against the sureties. But, as applied to a surety, the case seems to be different, because it is an alteration of the contract as to him. Some of the reasons given for holding that a surety not a party to such an agreement is released are that the action might be brought in another jurisdiction, by reason of the addition of another party; that the amount the non-consenting surety, in case he should pay the note, would be entitled to receive from the sureties with whom he joined by way of contribution, would be lessened; that the integrity of the instrument would be affected thereby. And a further reason is given that the

added surety might make a payment upon the note and thus extend its time or renew it as against the statute of limitations. 2 Brandt, Suretyship (2d ed.), § 380; 2 Parsons, Notes and Bills, pp. 241, 561; 2 Daniels, Negotiable Instruments, §§ 1373-1375, 1387-1389.

The motion for a non-suit was properly granted. Affirmed.

ANDERS, REAVIS and GORDON, JJ., concur.