## 24353. McCRARY v. BERRY.

Stephens, J. 1. The court in construing pleadings, when not passing on their sufficiency as against demurrer, but in determining the scope of the issues presented, for the purpose of passing upon the relevancy and materiality of evidence offered, will give to the pleadings such construction, where permissible, as will serve the best interests of the pleader. *Moore* v. *Standard Accident Ins. Company*, 48 *Ga. App.* 508, 512 (2, 3) (173 S. E. 481); *Schroer* v. *Cole*, 50 *Ga. App.* 472 (178 S. E. 312).

2. A plea to a suit on a note was signed only by the defendant, in which it is alleged that her obligation was that of surety and was void because she was a married woman, and that "the debt undertaken to be represented by said note was already in existence between" the plaintiff and another person at the time the defendant signed the note, and that she "did not receive any benefit from the consideration or any benefit whatever from it," irrespective of whether it is a plea of void suretyship by the defendant as a married woman, is a plea that the alleged contract was void for lack of consideration.

3. Whether the obligation of a person in executing a note in payment of a pre-existing indebtedness of another, where the latter is not released, constitutes a contract of suretyship, the consideration for the latter's obligation will not suffice as a consideration for the contract of suretyship, but the contract must be supported by a new and distinct consideration. Kissire v. Plunkett-Jarrell Grocer Co., 103 Ark. 473 (145 S. W. 567); Pratt v. Hedden, 121 Mass. 116; Brant v. Barnett, 10 Ind. App. 653 (38 N. E. 421).

4. Evidence that the note was executed by the defendant to the plaintiff in payment of a debt of a third person to the plaintiff, and that the plaintiff had not released his debtor in consideration of the promise, and therefore that the plaintiff had suffered no detriment as a consideration for the defendant's promise, was relevant. The court erred in excluding this evidence, and in directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided October 4, 1935.

*James K. Rankin, Little, Powell, Reid & Goldstein, B. Hugh Burgess,* for plaintiff in error.

*Burton E. Gaines, Noah J. Stone,* contra.

Sutton, J., concurring specially. A wife can make a valid contract as an original undertaking, but she can not bind her separate estate by any contract of suretyship. The defendant set up in her plea that she was a married woman, and that the note sued on was a contract of suretyship and was not binding on her. She offered testimony, in substance, that she was not indebted to the plaintiff

in any sum when the note was executed by her; that she was a married woman at that time; that McCathern was indebted to the plaintiff, and the note sued on was made by her for his debt at his request and that of the plaintiff; that McCathern was still to be liable to the plaintiff as the principal debtor, and this was so agreed and understood by the plaintiff and the defendant when the note in question was executed; and that she made the note as an accommodation for McCathern, and received no benefit therefrom herself. I think it was error for the court to reject her proffered testimony in support of her plea of suretyship. I concur in the judgment of reversal for this reason.