35364. NICHOLS, executrix, *v.* MILLER.

DECIDED NOVEMBER 16, 1954.

100

*Mixon & Chambers, R. H. Jones,* for plaintiff in error.
*Maurice Steinberg,* contra.

FELTON, C. J. The defendant in error concedes, and we think correctly. so, that the words included in the indorsement of the

note constitute an obligation to pay William Nichols the sum of $2,450. The only contention the defendant in error makes is that the obligation to pay the $450 sued for is secondary and not primary, for the reason that the undertaking of W. Howard Miller was not contemporaneous with that of Mrs. Eleanor Miller and was based on a different and subsequent consideration. We do not agree with this contention. The fundamental difference between a contract of suretyship and that of guaranty is that the undertaking in the former is a primary obligation to pay the debt, and in the latter it is a secondary obligation which merely guarantees the solvency of the principal. *Watkins Medical Co.* v. *Marbach,* 20 *Ga. App.* 691 (93 S. E. 270). The undertaking in this case is a primary obligation to pay the total amount of $2,450. There is no theory on which the obligation to pay $2,000 can be separated from that to pay $450. The fact that the promisee and promisor received a consideration for the indorsement and promise is immaterial since the primary promise to pay the money is the controlling factor. Where the obligation is secondary, it will be construed to be a guaranty even if the guarantor receives no consideration other than the benefit flowing to the principal. *Whitley* v. *Powell,* 47 *Ga. App.* 105 (2) (169 S. E. 766). Where the obligation is primary, the fact that an independent consideration moved to the creditor does not preclude the contract from being that of surety. *Smith* v. *Aultman,* 30 *Ga. App.* 507 (118 S. E. 459). To render one a surety, the obligations of the parties are not required to be in the same instrument. *McKibben* v. *Fourth National Bank of Macon,* 32 *Ga. App.* 222 (2) (122 S. E. 891). The obligation of a surety may be for a previously existing obligation if there is a consideration for the execution of the instrument. *McCrary* v. *Berry,* 51 *Ga. App.* 947 (181 S. E. 814). In this case the payment of $2,000 by the creditor to the indorser was consideration for the indorser's agreement to pay the additional $450.

The court erred in holding that the contract was one of guaranty and in sustaining the demurrers to the petition and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*